UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON B. MORLEY,<br><br>    Petitioner/<br>    Defendant<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent/<br>    Plaintiff. | NO. CR-01-0104-EFS<br>[NO CV-08-0163-EFS]<br><br>**ORDER DENYING PETITIONER'S HABEAS PETITION** |

Before the Court, without oral argument, is Shannon B. Morley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Ct. Rec. 94.) Mr. Morley asks the Court to require the Bureau of Prisons to credit him for time served on his state sentence. Although it was this Court's clear intent that Mr. Morley's federal sentence run concurrent to the portion of his state sentence that was undischarged as of September 4, 2003, as indicated in the Judgment of Conviction (Ct. Rec. 71),[1] the Court must deny Mr. Morley's current habeas petition for the reasons given below.

---

[1] In addition, the Court intended Mr. Morley to get credit for the "federal detainer" time during the pendency of this federal case.

ORDER ~ 1

First, prior to filing a habeas petition, Mr. Morley must exhaust his administrative remedies. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *O'Connor v Attorney Gen.*, 470 F.2d 732, 734 (5th Cir. 1971); *Ray v. United States*, 334 F. Supp. 901, 903 (D.C. Ga. 1971). Mr. Morley did not provide any information to the Court about whether he exhausted his administrative remedies.

Second, Mr. Morley utilized a 28 U.S.C. § 2255 petition form. However, Mr. Morley should have sought the requested relief under 28 U.S.C. § 2241. *See Tucker*, 925 F.2d at 332; *Ray*, 334 F. Supp. at 903. "A § 2241 habeas petition challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws of the United States.' [The Ninth Circuit has] held that a § 2241 habeas petition is generally the proper method for obtaining review of parole decisions." *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 988 (9th Cir. 2002) (internal citations omitted); *see also Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). An action under § 2241 is heard by the federal district court located in the district in which the inmate is confined. 18 U.S.C. § 2241(a). Because Mr. Morley is confined at FCC Sheridan in Oregon, this Court is not the proper forum for a § 2241 habeas petition. Although this Court has discretionary authority to transfer a § 2241 habeas petition to the correct district, the Court will not transfer this construed § 2241 habeas petition to the District of Oregon - the place of Mr. Morley's confinement - in light of the apparent failure to exhaust administrative remedies.

//

ORDER ~ 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's construed 28 U.S.C. § 2241 Habeas Petition is **DENIED** with leave to renew in the appropriate district.

2. The civil and criminal cases shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A) Enter this Order; and

(B) Provide a copy to Petitioner and to the Bureau of Prisons FCI Sheridan (FCI Sheridan, Federal Correctional Institution, P.O. Box 8000, Sheridan, OR 97378).

**DATED** this ___3rd___ day of July 2008.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2001\0104.habeas.concurrent.wpd

ORDER ~ 3