UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANNON B. MORLEY,<br><br>    Defendant. | NO. CR-01-0104-EFS<br><br>**ORDER GRANTING MR. MORLEY'S MOTION TO AMEND SEPTEMBER 16, 2008 ORDER** |

Before the Court, without oral argument, is Shannon B. Morley's October 4, 2008 letter (Ct. Rec. 106), which the Court construes as a motion to amend the Court's prior Order amending the judgment (Ct. Rec. 103). Mr. Morley reports that the Bureau of Prisons (BOP) continues to advise him that he will not receive credit for time served while under a federal detainer, *albeit* in state jail, prior to imposition of this federal sentence. Because Mr. Morley is not incarcerated in this District, the Court does not have authority to determine whether BOP's calculations are correct. The Court nevertheless takes this opportunity to clarify the imposed sentence.

On September 4, 2003, the Court sentenced Mr. Morley to ninety-two (92) months, concurrent with a prior-imposed state sentence. (Ct. Recs. 70, 71 & 104.) The Court understood that Mr. Morley would receive credit

ORDER ~ 1

for time served under the federal detention order towards his federal sentence; an Amended Judgment was entered on September 22, 2008, to reflect credit for federal-detainer time. (Ct. Rec. 104.) This sentence is consistent with 18 U.S.C. § 3585(b) which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Subsection (b)(1) applies here. The time spent in custody by Mr. Morley from October 15, 2002 (the date the federal magistrate judge ordered Mr. Morley detained), to September 4, 2003 (the date the federal sentence was imposed), is "any time . . . spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b).

To alleviate any confusion as to the imposed sentence, the Court will again modify the Judgment, moving the federal-detainer language from the "Imprisonment" page "recommendations" section to the prior "imprisonment" section. While a § 2241 habeas petition is technically the proper procedural vehicle to challenge a release date calculation, the Court hopes the BOP will adjust Mr. Morley's release date and avoid the unnecessary waste of resources for the judiciary and the Department of Justice by having to handle such a petition.

///
///

ORDER ~ 2

Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Morley's October 4, 2008 letter **(Ct. Rec. 106)** is **CONSTRUED** as a Motion to Amend the Court's September 16, 2008 Order (Ct. Rec. 103) and is **GRANTED**.

2. The federal-detainer language shall be moved from the "BOP recommendations" section to the prior "imprisonment" section on "Imprisonment" pg. 2 and altered as follows: "Pursuant to 18 U.S.C. § 3585(b)(1), Defendant shall receive credit for all time spent in custody from the date the federal detainer was in place until the date of this sentence, specifically 10-15-2002 until 09-04-2003."

**IT IS SO ORDERED.** The District Court Executive is directed to

(A) Enter this Order; and

(B) Provide a copy to Petitioner, counsel, and to the Bureau of Prisons FCI Sheridan (FCI Sheridan, Federal Correctional Institution, P.O. Box 8000, Sheridan, OR 97378).

**DATED** this  14th   day of October 2008.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                       United States District Judge

Q:\Criminal\2001\0104.bop.credit.2.wpd

ORDER ~ 3